IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONTA BETTS, <br><br> v. <br><br> UNITED STATES OF AMERICA | Criminal No. CCB-15-557 <br><br> Civil Action No. CCB-19-2515 |

## MEMORANDUM

Pending before the court is Donta Betts's second petition to vacate his sentence under 28 U.S.C. § 2255. ECF 85, Second Pet. The United States of America ("Government") moved to dismiss and, in the alternative, opposed the petition. ECF 93, Gov't Opp'n. Mr. Betts supplemented his petition, ECF 101, and replied to the Government's opposition, ECF 102.[1] No hearing is necessary. *See* Local Rule 105.6. For the reasons stated here, the court will (1) deny the Government's motion to dismiss Mr. Betts's Second Petition for lack of jurisdiction, (2) deny Mr. Betts's Second Petition on the merits; and (3) decline to issue a certificate of appealability.

### I. BACKGROUND

On October 22, 2015, a federal grand jury returned an indictment charging Mr. Betts with obstruction of law enforcement officers, making a destructive device, and attempted arson. *See* ECF 8. Under a plea agreement, Mr. Betts pled guilty to a two-count Superseding Information charging him with: (1) making a destructive device in violation of 26 U.S.C. § 5861(f) (Count

---

[1] Mr. Betts filed a motion for leave to supplement his Second Petition, ECF 101, Mot. to Suppl., which the Government opposed, ECF 103, Opp'n to Mot. to Suppl. Assuming without deciding that Mr. Betts's supplement was timely filed, the court has reviewed Mr. Betts's supplemental claims and finds them meritless.

1

One); and (2) discharge of a firearm that was used or carried during and in relation to a drug trafficking crime, or the discharge of a firearm that was possessed in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two). *See* ECF 34-1, Plea Agreement at 1. The Government and Mr. Betts agreed a total prison sentence between 14 and 16 years was appropriate under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *Id.* at 6.

During Mr. Betts's plea hearing on March 18, 2016, United States District Judge J. Frederick Motz found Mr. Betts competent to enter the plea. ECF 54, Plea Hr'g Tr. 24:20–21. Judge Motz accepted the plea after confirming that Mr. Betts understood the relevant details of the agreement. *Id.* at 24:21–25:5, 25:13–14.

Mr. Betts's sentencing hearing was held on June 24, 2016. ECF 53, Sentencing Hr'g. The U.S. Probation Office's Presentence Investigation Report ("PSR") determined the total advisory guidelines sentence was 20 years—10 years for Count One and 10 years for Count Two. *See* ECF 37, PSR at 18. Judge Motz sentenced Mr. Betts to 60 months on Count One and 120 months on Count Two, to run consecutively for a total of 180 months, or 15 years. *See* Sentencing Hr'g Tr. 45:16–22; ECF 48, Judgment. Mr. Betts did not file a timely appeal of his criminal judgment issued on June 30, 2016.

On June 26, 2017, Mr. Betts filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("First Petition"). ECF 51, First Pet. He asserted four grounds for relief. In Ground One, Mr. Betts claimed his counsel was ineffective by failing to appeal despite Mr. Betts's request to do so. *Id.* at 4.[2] In Ground Two, Mr. Betts requested a reduction of his sentence under *Dean v. United States*, 137 S. Ct. 1170 (2017). *See* First Pet. at 5–6. In Ground Three, Mr. Betts

---

[2] Citations refer to ECF page numbers where the ECF pagination conflicts with the original document's pagination.

2

argued his counsel was ineffective for failing to appeal his juvenile enhancements. *Id.* at 7–8. In Ground Four, Mr. Betts claimed his counsel was ineffective for failing to challenge his sentence. *Id.* at 9–10.

The court denied Mr. Betts relief on Ground Two, ECF 62, appointed counsel, ECF 64, and scheduled an evidentiary hearing on the remaining grounds, ECF 66. The Government later consented to Mr. Betts filing an untimely direct appeal, mooting the need for an evidentiary hearing on the remaining grounds. ECF 68. The court granted Mr. Betts the right to file a direct appeal and otherwise denied his petition without prejudice. ECFs 70, 71.

The parties fully briefed the issues on appeal. On August 31, 2018, the Fourth Circuit found no error in Judge Motz's determination that Mr. Betts competently, knowingly, and voluntarily entered his guilty plea. *United States v. Betts*, 747 F. App'x 154, 157 (4th Cir. 2018).

On August 30, 2019, Mr. Betts filed another Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Mr. Betts's Second Petition raises seven grounds for relief: (1) actual innocence and the lack of a factual basis for Count Two; (2) invalid waiver of indictment; (3) his guilty plea was not knowing or voluntary; (4) ineffective assistance of counsel by Mr. Betts's attorney; (5) improper sentence enhancements; (6) improper guilty plea entered in violation of Fed. R. Crim. P. 11 colloquy; (7) ineffective assistance of counsel based on trial counsel's and appellate counsel's failure to raise Grounds One through Six before the district court and on direct appeal.

## II.  LEGAL STANDARD

Section 2255 allows a federal prisoner to move to set aside a sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. When considering a § 2255 motion, the court must hold a hearing unless the record "conclusively show[s] that the prisoner is entitled to no relief[.]" *Id.* § 2255(b). To the extent the court "denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment, and the facts must be considered in the light most favorable to the § 2255 movant." *United States v. Nguyen*, 789 F. App'x 965, 966 (4th Cir. 2020) (citing *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007) (internal quotation marks omitted)).

### III. DISCUSSION

**A. Dismissal for Lack of Jurisdiction as a Second or Successive Petition**

The Government first argues the court must dismiss Mr. Betts's Second Petition as an impermissible "second or successive" motion.

After conviction and the entry of judgment, a defendant in a federal criminal case may generally "pursue a direct appeal and thereafter take 'one further bite at the apple' in a § 2255 motion." *In re Goddard*, 170 F.3d 435, 437 (4th Cir. 1999). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, a federal district court may consider a "second or successive" § 2255 motion only if authorized by a "panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The court of appeals may only certify a successive § 2255 motion if the petitioner (1) relies on "a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings," or (2) presents "newly discovered evidence bearing on the defendant's actual innocence." *In re Vassell*, 751 F.3d 267, 269 (4th Cir. 2014) (internal quotations omitted). Without the requisite pre-filing authorization from the Fourth Circuit, district courts lack the jurisdiction to consider a "second or successive" § 2255 motion.

4

*See United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).

Here, Mr. Betts's Second Petition is not a "second or successive" petition simply because he previously sought relief under § 2255. True, the matter before the court is Mr. Betts's second petition, numerically speaking. But the Supreme Court has declined to interpret "second or successive" as referring to all habeas petitions filed second or successively in time, even when later filings address a judgment already challenged in a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 943 (2007) (citing *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)). Because Mr. Betts "was forced to use his first § 2255 motion to reclaim his right to direct appeal," his Second Petition is not barred under the "second or successive" provisions of AEDPA. *See Goddard*, 170 F.3d at 437. When the court granted Mr. Betts's First Petition as to his right to file a direct appeal, "the counter of collateral attacks pursued" was "reset to zero," because the court simply put Mr. Betts "back in the position he would have been in had his lawyer filed a timely notice of appeal." *See id.* at 437–38 (internal citations omitted). Beyond granting Mr. Betts's right to file a direct appeal, the court dismissed without prejudice the remainder of the claims raised by Mr. Betts in his First Petition. So, Mr. Betts's Second Petition presents his first real opportunity to receive a decision on the merits of his collateral attack claims.

Accordingly, the court will deny the Government's motion to dismiss and address the merits of Mr. Betts's Second Petition.

**B. The Merits of Mr. Betts's Second Petition**

*1. Ground 1: Claim of Actual Innocence*

Mr. Betts first argues that he is actually innocent of the offense charged in Count Two of the Superseding Information, which alleged Mr. Betts violated 18 U.S.C. § 924(c)(1)(A)(iii) by

5

discharging a firearm in furtherance of a drug trafficking crime. To prevail on a claim of "actual innocence," Mr. Betts must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). The elements of a § 924(C)(1)(A)(iii) offense are: (a) the defendant committed a drug trafficking crime prosecutable in federal court; (b) the defendant knowingly used, carried, or possessed a firearm; (c) the use or carrying of the firearm was during and in relation to, or the possession of the firearm was in furtherance of, the defendant's drug trafficking crime; and (d) the firearm was discharged. *See* 18 U.S.C. § 924(c)(1)(A)(iii).

Mr. Betts, in his plea agreement and during his plea hearing, admitted to facts that establish each element of the offense. As to the first element, Mr. Betts admitted he sold four pills or capsules of heroin to a woman in Baltimore. *See* Plea Agreement at 12; *see also* Plea Hr'g Tr. 22:3–4. This transaction constituted a felony prosecutable in federal court pursuant to 28 U.S.C. § 841. As to the second element, Mr. Betts admitted he approached the same woman on a later day while he was carrying a firearm. *See* Plea Agreement at 12; *see also* Plea Hr'g Tr. 22:10–11. As to the fourth element, Mr. Betts admitted that he discharged his weapon toward the woman with the intent to kill her for having underpaid him in the prior drug transaction. *See* Plea Agreement at 12; *see also* Plea Hr'g Tr. 22:9–13.

Mr. Betts's claim of actual innocence turns on the third element. Mr. Betts admits that he sold the drugs at issue, but contends that transaction did not involve a firearm. Second Pet. at 4. Because Mr. Betts discharged the relevant firearm on a different day in retaliation for his customer's failure to fully pay him, Mr. Betts argues "there was no nexus between the drug trafficking crime and the firearm." *Id.*

Mr. Betts's violent retaliation against his former customer, however, provides a sufficient factual basis to satisfy the third element of § 924(c)—that is, his discharge of a weapon was "in furtherance of" a drug trafficking offense.[3] The Fourth Circuit interprets the term "furtherance" to mean "the act of furthering, advancing, or helping forward." *See United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (internal brackets and citations omitted). A firearm might further or advance drug trafficking in numerous ways. For example:

> [A] gun could provide a defense against someone trying to steal drugs or drug profits, or it might lessen the chance that a robbery would even be attempted. Additionally, a gun might enable a drug trafficker to ensure that he collects during a drug deal. And a gun could serve as protection in the event that a deal turns sour. Or it might prevent a transaction from turning sour in the first place. Furthermore, a firearm could help a drug trafficker defend his turf by deterring others from operating in the same area.

*Id.* (citing *United States v. Ceballos–Torres*, 218 F.3d 409, 412 (5th Cir. 2000)).

In this case, Mr. Betts's discharge of his firearm to avenge his lost profit occurred in close temporal proximity—just a few days prior—to the relevant drug transaction. The retaliatory nature of Mr. Betts's attack was a direct result of the woman failing to fully pay Mr. Betts for heroin. *See United States v. Brown*, 560 F.3d 754, 764 (8th Cir. 2009) (shooting in retaliation for stolen drugs satisfied § 924(c)'s "during and in relation to" element). By attempting to take the life of a short-changing customer, Mr. Betts perhaps sought to deter others from doing the same. *See, e.g.*, *United States v. Brown*, 128 F. App'x 975, 981 (4th Cir. 2005) (retaliatory shooting satisfied the "furtherance" requirement of § 924(c) when the assailant intended to use the attack to "send a

---

[3] Section 924(c)(1)(A) provides two separate avenues for the Government to show a defendant's connection between guns and crimes of violence or drug trafficking: (1) using or carrying a firearm "during and in relation to" the drug trafficking offense, or (2) possessing a firearm "in furtherance of" the underlying drug trafficking offense. Here, Mr. Betts's conduct, as charged by the Government and ratified by Mr. Betts in his plea agreement, provides a factual basis to satisfy either prong.

message"); *United States v. Rodriguez*, 291 F. App'x 977, 979 (11th Cir. 2008) (rejecting defendant's argument that his discharge of a firearm lacked a nexus to the drug trafficking offense because the assailant's retaliatory attack could have set "an example" to others). Alternatively, Mr. Betts's use of the firearm could have been the ultimate culmination of a transaction that "turned sour," a punishment sought for an outstanding balance Mr. Betts believed he was owed. In any event, Mr. Betts's factual admissions are sufficient to satisfy the requirements of § 924(c).

Accordingly, the court declines to grant Mr. Betts relief on Ground One of his Second Petition.

*2. Ground 2: Waiver of Indictment*

Mr. Betts next argues his waiver of indictment was invalid because he "did not sign the waiver of indictment form in open court." *See* Second Pet. at 5. Mr. Betts also contends "his counsel, the government, and the court" misled him "as to the nature of the [§ 924(c)] charge" before he "waiv[ed] his right to be prosecuted by a grand jury indictment." *Id.*

Federal Rule of Criminal Procedure 7(b) provides that a defendant charged with a felony may waive prosecution by indictment "in open court and after being advised of the nature of the charge and of the defendant's rights."[4] Several courts of appeal have rejected Mr. Betts's assertion that an effective waiver requires a signature executed in court.[5] The requirement that such a waiver be made "in open court" has been "construed to mean that the waiver can be executed elsewhere as long as the waiver is actually filed in court." *See* Wright & Miller, 1 Fed. Prac. & Proc. Crim.

---

[4] The Government, upon a defendant's waiver of the right to be prosecuted by an indictment, may then prosecute the defendant by an information, as the Government did here. *See* Fed. R. Crim. P. 7(b).

[5] While the Fourth Circuit does not appear to have directly opined on this issue, at least one district court within the Fourth Circuit has similarly concluded that a waiver of an indictment need not be signed in open court. *See, e.g.*, *United States v. Stewart*, 425 F. Supp. 2d 727, 736 (E.D. Va. 2006).

§ 123 (5th ed.); *see also United States v. Moore*, 37 F.3d 169, 173 (5th Cir. 1994) ("Although the record is ambiguous concerning whether the defendants signed the waiver before or after court began, the document was filed in open court, and the court specifically asked if the defendants had any objection to the filing, which they did not."); *Ching v. United States*, 292 F.2d 31, 32 (10th Cir. 1961) (rejecting claim that a waiver of an indictment signed out of court was defective).

The record confirms that Mr. Betts waived his right to be tried by an indictment after being properly advised of such a right. To start, Mr. Betts admitted in his waiver that he was "advised of the nature of the charges, the proposed information, and of [his] rights" to be prosecuted "by grand jury indictment." ECF 33, Waiver of Indictment. Further, Judge Motz advised Mr. Betts of his right to be charged by an indictment during his plea hearing. *See* Plea Hr'g at 5:4–17. And Mr. Betts's plea agreement included a separate waiver of his right to be charged by an indictment. *See* Plea Agreement at 1. The Fourth Circuit, after reviewing the record, concluded that Betts knowingly and voluntarily entered his guilty plea. *See Betts*, 747 F. App'x at 156–57. Having found no procedural error with respect to Mr. Betts's guilty plea, the Fourth Circuit's decision may necessarily foreclose Mr. Betts's Rule 7(b) challenge. *See United States v. Hammerman*, 528 F.2d 326, 332 (4th Cir. 1975) ("Such a waiver [of indictment]—nothing more than a waiver of a finding of probable cause—is of relatively little consequence as compared with waiver of trial, and is not deserving of the protection surrounding entry of a guilty plea which has been described as 'perhaps the most devastating waiver possible under our Constitution.'").

In sum, the court declines to grant Mr. Betts relief under Ground Two of his Second Petition.

    3.    *Ground 3: Validity of Rule 11 Plea*

Mr. Betts next asserts his "guilty plea was not knowing and voluntary because he was misled as to the nature of the [§ 924] offense." *See* Second Pet. at 7. He argues that he would not have pled guilty if he had been aware of the "true nature" of the offense. Mr. Betts's challenge fails for multiple reasons.

As a general matter, the Fourth Circuit already rejected Mr. Betts's argument that he did not voluntarily and knowingly enter his guilty plea. *See Betts*, 747 F. App'x at 156–57. Mr. Betts may not use a § 2255 petition to circumvent issues decided on his direct appeal. *See United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009); *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (claims evaluated on direct review may not be recast "under the guise of collateral attack"). To the extent Mr. Betts believes his direct appeal did not contest his knowledge of the "the nature of his § 924 offense," Mr. Betts's admissions during his plea hearing foreclose such a challenge now. The facts underlying the offense were stated in open court, which Mr. Betts affirmatively accepted as true. *See* Plea Hr'g Tr. 24:5–19. Judge Motz set out the relevant legal framework for the offense. *See id.* 6:18–7:5. In sum, Judge Motz's plea colloquy respected the procedural protections set forth in Fed. R. Crim. P. 11, and assured Betts was "not misled as to the nature of the offense[s] with which he st[oo]d[ ] charged." *United States v. Reckmeyer*, 786 F.2d 1216, 1221 (4th Cir. 1986) (internal quotation marks omitted).

Accordingly, the court declines to grant Mr. Betts relief based on Ground Three of his Second Petition.

    4.    *Ground 4: Ineffective Assistance of Counsel*

Mr. Betts next argues he received ineffective assistance of counsel. *See* Second Pet. at 8. To prevail on an ineffective assistance of counsel claim, Mr. Betts must show: (1) his trial counsel's performance was deficient, and (2) that the deficiency prejudiced Mr. Betts. *See*

*Strickland v. Washington*, 466 U.S. 668, 688–94 (1984). Under *Strickland*'s "performance" prong, Mr. Betts must show his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy *Strickland*'s "prejudice" prong, Mr. Betts must show "there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985) (applying *Strickland* to plea agreements and modifying the second prong to ask whether "but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial"). District courts need not analyze both prongs if a petitioner makes an insufficient showing on one. *See Jones v. Clarke*, 783 F.3d 987, 991 (4th Cir. 2015) (citing *Strickland*, 466 U.S. at 697). A lawyer's performance is entitled to a "strong presumption" of reasonableness under these inquiries. *Burt v. Titlow,* 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S. at 690). Ultimately, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

Even when viewed in a light most favorable to Mr. Betts, the record reveals Mr. Betts's argument lacks merit. Mr. Betts's assertion that his counsel coerced him into pleading guilty and waiving his right to an indictment fail to satisfy the first *Strickland* prong because his sworn statements confirm the effectiveness of his counsel's assistance. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005).

During the plea hearing, as described above in Section III.B.2, Judge Motz advised Mr. Betts of his right to be prosecuted by an indictment and asked Mr. Betts whether he wanted to waive that right. *See* Plea Hr'g Tr. 5:5–11. Mr. Betts responded in the affirmative. *Id.* at 5:13–17. Judge Motz also asked Mr. Betts whether anybody used any force or made any threats to encourage him to enter the plea. *Id.* at 11:20–21. Mr. Betts responded in the negative. *Id.* at 11:22. Finally, Judge Motz asked Mr. Betts whether anyone made any promises apart from those in the plea agreement in order to encourage him to plead guilty, and Mr. Betts again answered in the negative. *Id.* at 18:6–8. Each of these answers were made under oath, and Mr. Betts has failed to identify any extraordinary circumstance that would entitle him to an evidentiary hearing. *See Lemaster*, 403 F.3d at 222–23.

Mr. Betts next asserts his counsel "misled him as to the nature of his [§ 924] offense," Second Pet. at 8, but provides no indication of how his counsel did so. Mr. Betts's argument is far too conclusory in this regard; *Strickland* demands more. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) ("[C]onclusory allegations are insufficient to establish the requisite prejudice under *Strickland*.").

Mr. Betts also contends his counsel "failed to challenge his juvenile enhancements and other enhancements the court used" during sentencing. Second Pet. at 8. But there were no juvenile enhancements applied in this case. To the extent Mr. Betts critiques the use of his juvenile adjudications in his criminal history calculation, Judge Motz committed no material error in that regard.

Mr. Betts's criminal history was accurately calculated under the Sentencing Guidelines. U.S.S.G. § 4A1.2(d)(2) instructed the court to:

(A) add 2 points under §4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

(B) add 1 point under §4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

Pursuant to this provision, Mr. Betts received one criminal history point for each of the three sentences he received within five years of April 27, 2015, the date he committed the offense charged in Count One. *See* PSR at ¶¶ 63-65 (listing three juvenile adjudications with probationary sentences imposed on September 16, 2010; October 30, 2010; and April 26, 2011). Two criminal history points were counted for a sentence of commitment of at least sixty days imposed within five years of April 27, 2015. *See id.* at ¶ 66 (listing juvenile adjudication for robbery with a deadly weapon in which a sentence of confinement was imposed on September 29, 2011, with Mr. Betts's release date being May 1, 2014). With five criminal history points, Judge Motz appropriately assessed Mr. Betts with a criminal history category of III.

Finally, Mr. Betts contends his counsel was ineffective for not advising the court that he has a mental disability. *See* Second Pet. at 8.[6] But Mr. Betts's counsel *did* advise the court of his mental disability. *See* ECF 41, Def. Sentencing Mem. at 5 (explaining Mr. Betts's "intellectual, academic, and adaptive functioning efficiencies" based on Mr. Betts's evaluation by a neuropsychological professional). Mr. Betts's counsel raised the matter again during his

---

[6] Arguably, Mr. Betts may not raise this issue in a § 2255 petition because the Fourth Circuit dismissed this same argument on his direct appeal. *See Linder*, 537 F.3d at 392, 396-97 (holding that § 2255 relief was unavailable to a petitioner who had raised the same issue on direct appeal and whose appeal had been dismissed as barred by the waiver in his plea agreement); *Betts*, 747 F. App'x at 156 (dismissing Mr. Betts's challenges to his convictions and his 15-year sentence as barred by the "broad waiver" in his plea agreement).

sentencing hearing. *See* Sentencing Hr'g Tr. 38:1-39:15. In sum, the record belies Mr. Betts's assertion that his lawyers failed to provide effective assistance of counsel.

     5.     *Ground 5 and 6: Improper Sentence Enhancement*

In Ground Five, Mr. Betts asserts the court "improperly enhanced [his] guidelines and sentence" based on juvenile convictions and other crimes." *See* Second Pet. at 10. In Ground Six, Mr. Betts contends the court based his sentence on crimes to which he did not plead guilty. *Id.* at 11.

Mr. Betts appears to challenge the validity of the court's consideration of his prior criminal history. As described previously, Judge Motz appropriately calculated Mr. Betts's criminal history category under the Sentencing Guidelines. *See supra* Section III.B.4. Accordingly, the court declines to grant Mr. Betts relief under Grounds Five and Six of his Second Petition.

     6.     *Ground 7: Ineffective Assistance on Direct Appeal*

Finally, Mr. Betts argues his appellate counsel was ineffective for failing to raise Grounds One through Six during his direct appeal. *See* Second Pet. at 12. Mr. Betts's argument fails for multiple reasons. Notwithstanding the fact that many arguments raised in Grounds One through Six were, in fact, raised on direct appeal, Mr. Betts's appellate counsel did not provide ineffective legal assistance. It is well established that an appellate lawyer "who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). "A lawyer's performance is entitled to a strong presumption of reasonableness," and Mr. Betts's appellate lawyer properly exercised her professional judgment regarding "which issues were most likely to afford relief on appeal." *See Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993) (citations omitted).

Accordingly, the court declines to grant Mr. Betts relief on Ground Seven of his Second Petition.

## IV. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, this court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue without "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, *and* that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record in this case, the court concludes Mr. Betts has failed to satisfy this standard. Accordingly, a certificate of appealability shall not issue.

## V. CONCLUSION

For the reasons stated here, the court will (1) deny the Government's motion to dismiss; (2) deny Mr. Betts's second motion to vacate his sentence under § 2255; and (3) decline to issue a certificate of appealability. A separate Order follows.

|  |  |
|---|---|
|   3/27/2023   <br> Date |   /s/   <br> Catherine C. Blake <br> United States District Judge |